UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IRAN COLON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 17-cv-12053-ADB |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Defendant. | * |

### MEMORANDUM AND ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

BURROUGHS, D.J.

Presently before the Court is Plaintiff Iran Colon's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $3,779.22. [ECF No. 26]. Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security (the "Commissioner"), filed no response to Colon's request. For the following reasons, Colon's motion is ALLOWED.

I. **BACKGROUND**

Colon filed an application for Supplemental Security Income on September 4, 2014 and an application for Title II Disability Insurance Benefits on September 11, 2014. [ECF No. 15-5 at 2–17]. On November 13, 2014, both applications were denied. [ECF No. 15-2 at 27]. Colon applied for reconsideration on December 2, 2014, and his applications were again denied on April 14, 2015. [ECF No. 15-4 at 5, 9, 14–15]. Colon then requested a hearing, which proceeded before Administrative Law Judge Daniel Driscoll ("ALJ Driscoll") on May 10, 2016. [ECF No. 15-2 at 45; ECF No. 15-4 at 17–18]. ALJ Driscoll denied Colon's claims on August

31, 2016. [ECF No. 15-2 at 21–38]. In October 2016, Colon retained counsel and filed a request for review of ALJ Driscoll's decision, which the Appeals Council denied on August 21, 2017. [ECF No. 20 at 1; ECF No. 15-2 at 2–19]. On October 19, 2017, Colon filed a Complaint in this Court to review the decision of the Commissioner. [ECF No. 1]. Colon filed a motion to reverse the Commissioner's decision on April 25, 2018. [ECF No. 20]. On July 5, 2019, the Commissioner filed a motion for entry of judgment under sentence four of 42 U.S.C. § 405(g) for reversal and remand to the Commissioner, which this Court granted. [ECF Nos. 23 and 25]. Colon then filed his motion for attorney's fees pursuant to the EAJA on October 3, 2018. [ECF No. 26].

## II.     DISCUSSION

The EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, "eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990). As set forth below, the Court finds that each criterion is met in this case.

First, Colon claims he is a prevailing party by virtue of this Court's remand to the Commissioner. [ECF No. 26 at 1]. "In cases reviewing final agency decisions on Social

2

Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)." Shalala v. Schaefer, 509 U.S. 292, 296 (1993). In Shalala v. Schaefer, the Supreme Court held that a social security plaintiff who obtains a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) is the "prevailing party" under the EAJA. Id. at 301–02. Here, the Court entered judgment reversing and remanding this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and, thus, Colon is the prevailing party.

Second, Colon argues that the Government's position denying his disability benefits despite the significant procedural errors committed by the Commissioner, including an erroneous assessment of the vocational expert testimony, was not substantially justified. [ECF No. 26 at 1]. "The Supreme Court has explained that for a government position to be 'substantially justified,' it must have 'a reasonable basis in law and fact' and be 'justified to a degree that could satisfy a reasonable person.'" McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1475 (1st Cir. 1989) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). "The burden of showing that the position was substantially justified is on the government, and both the underlying agency position and the government's litigation position must qualify as substantially justified to avoid paying attorneys' fees." Whitzell v. Barnhart, 429 F. Supp. 2d 361, 365 (D. Mass. 2006). As the Commissioner filed no response to Colon's motion, the Court finds that the Government has failed to meet its burden to show that its position was substantially justified.

Third, the Commissioner "has the burden of demonstrating 'special circumstances' justifying denial of attorney's fees under 28 U.S.C. § 2412(d)(1)(A)." Rodrigues v. Colvin, No. 13-cv-30207-MGM, 2015 WL 6157909, at *2 (D. Mass. Oct. 20, 2015). The Commissioner has

made no showing of any "special circumstances," and after reviewing the record, the Court finds that none exist that would make an award of attorney's fees "unjust."

Finally, Colon contends that his request is timely, and he supports his request with an itemized statement of fees and costs. The EAJA's requirement that a party file a fee application within 30 days of final judgment is jurisdictional and, as such, cannot be waived by the parties. Howitt v. U.S. Dep't of Commerce, 897 F.2d 583, 584 (1st Cir. 1990) (collecting cases). The Supreme Court has provided that "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended." Shalala, 509 U.S. at 302 (citing 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G)). Under Federal Rule of Appellate Procedure 4(a), the judgment in this case became "not appealable" 60 days after its entry. Thus, Colon had 90 days from the entry of judgment within which to file his EAJA petition, and the Court finds that his request is timely.

Further, Colon submitted an itemized statement of fees seeking an award of $3,779.22, which represents a total of 18.80 attorney hours expended at a rate of $198.15 per hour and .60 paralegal hours expended at a rate of $90.00 per hour. The $198.15 hourly rate requested by Colon for his attorneys is based on a consumer price index adjustment to the maximum statutory rate of $125 set forth in Section 2412(d)(2)(A) of the EAJA. See Tang v. Chertoff, 689 F. Supp. 2d 206, 218 (D. Mass. 2010) ("Under 28 U.S.C. § 2412(d)(2)(A), the Court may increase the fee-award ceiling of $125 per hour to account for increases in the cost of living" by "'multiplying the $125 statutory rate by the [Boston area] annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the [Boston area] CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate.'" (citation omitted)). The Court has reviewed the time entries detailing the work performed

by his attorneys and paralegal and finds that Colon has carried his burden to show that the work performed was reasonable and is compensable under the EAJA.  See Destefano v. Astrue, No. 05-3534, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008), report and recommendation adopted, No. 05-3534, 2008 WL 2039471 (E.D.N.Y. May 9, 2008) (noting that average of total number of hours spent on typical social security case is between 20 to 40).  The Court therefore allows the petition for fees.

### III.  CONCLUSION

Colon's motion for attorney fees [ECF No. 26] is ALLOWED.  Fees are awarded in the amount of $3,779.22.

**SO ORDERED.**

November 14, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE